UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ASHLEY COLEMAN, | CIVIL ACTION NO. |
| Plaintiff | SECTION: |
| vs | MAGISTRATE: |
| CENTRAL PORTFOLIO CONTROL, INC. a Minnesota corproation, | **JURY TRIAL DEMANDED** |
| Defendant | |

## CLASS ACTION COMPLAINT

NOW INTO COURT, Plaintiff, ASHLEY COLEMAN (hereinafter referred to as "PLAINTIFF") by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against the above-named defendant and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. PLAINTIFF brings this action on her own behalf and on the behalf of all others similarly situated for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff and Defendant resides and/or does business in the Eastern District of Louisiana.  Venue is also proper in this

District because the acts and transactions that give rise to this action occurred, in substantial part, in the Eastern District of Louisiana.

## PARTIES

4. PLAINTIFF is a natural person residing in New Orleans, Louisiana.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7. CENTRAL PORTFOLIO CONTROL INC. (hereinafter referred to as "DEFENDANT") is a Minnesota Corporation, the principal purpose of whose business is the collection of debts.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. In December of 2014, DEFENDANT began placing calls to PLAINTIFF's phone number, in an attempt to collect a consumer debt from PLAINTIFF.  DEFENDANT left the following message on PLAINTIFF'S cell phone:

> Confidential and important message for Ashely Coleman.  This is Chris _____ calling from Central Portfolio Control.  Please contact me at 1-888-351-1975 that's 888-351-1975.  Thank you.

11. The message did not identify that the call was an attempt to collect a debt, that any information obtained will be used for that purpose, or that the communication was from a debt collector.

12. Upon information and belief, that same day DEFENDANT also left the following message on PLAINTIFF'S work phone number:

> Confidential and important message for Ashley Coleman. Chris ____ calling from Central Portfolio Control. Please contact me at 1-888-351-1975. Thank you.

13. This message also failed to identify that the call was an attempt to collect a debt, that any information obtained will be used for that purpose, or that the communication was from a debt collector.

14. PLAINTIFF called DEFENDANT back. During the subsequent conversation, DEFENDANT again failed to disclose that the call was an attempt to collect a debt and/or that any information obtained would be used for that purpose.

15. DEFENDANT never sent an initial 1692g collection letter to PLAINTIFF.

16. PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members are entitled to statutory damages and may have also suffered actual damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein. PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## CLASS ALLEGATIONS

17. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 16 inclusive, above.

18. These claims for relief are brought by PLAINTIFF individually and on behalf of the following classes:

  a. Class Number One: A class consisting of nationwide consumers who:

    i. Within one year prior to the filing of this action;

    ii. Received a message from DEFENDANT;

    iii. Which failed to conform to 15 U.S.C. § 1692e(11) in that it did not:

     1. Identify that the call was an attempt to collect a debt;

     2. Identify that any information obtained will be used for that purpose; and/or

     3. Identify that the communication was from a debt collector.

  b. Class Number Two: A class consisting of nationwide consumers who:

    i. Within one year prior to the filing of this action;

    ii. Were not provided 1692g(a) notices;

    iii. Within 5 days from the initial communication with DEFENDANT.

19. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

20. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

///

**FIRST CLAIM FOR RELIEF**

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e(11)
BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF
CLASSES NUMBERS ONE**

21.     PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 20 inclusive, above.

22.     A debt collector is required to disclose in the initial communication "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" and in subsequent communications "that the communication is from a debt collector". 15 U.S.C. §1692e(11).

23.     In December of 2014, DEFENDANT began placing calls to PLAINTIFF's phone number, in an attempt to collect a consumer debt from PLAINTIFF.  DEFENDANT left the following message on PLAINTIFF'S cell phone:

> Confidential and important message for Ashely Coleman.  This is Chris _____ calling from Central Portfolio Control.  Please contact me at 1-888-351-1975 that's 888-351-1975.  Thank you.

24.     The message did not identify that the call was an attempt to collect a debt, that any information obtained will be used for that purpose, or that the communication was from a debt collector.

25.     That same day DEFENDANT also left the following message on PLAINTIFF'S work phone number:

> Confidential and important message for Ashley Coleman.  Chris ____ calling from Central Portfolio Control.  Please contact me at 1-888-351-1975.  Thank you.

26.     This message also failed to identify that the call was an attempt to collect a debt, that any information obtained will be used for that purpose, or that the communication was from a debt collector.

27. When PLAINTIFF called DEFENDANT back, DEFENDANT again failed to disclose that the call was an attempt to collect a debt and/or that any information obtained would be used for that purpose.

28. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of actual and statutory damages.

29. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF THE FDCPA 15 U.S.C. § 1692g(a)
### BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF
### CLASS NUMBER TWO

30. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 29 inclusive, above.

31. The FDCPA requires that, within five days after the initial communication with a consumer in connection with the collection of any debt, the debt collector shall send the consumer a written notice containing:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

      (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

  32. Here, DEFENDANT failed to send PLAINTIFF an initial collection letter notifying PLAINTIFF of her rights pursuant to §1692g(a).

  33. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of actual and statutory damages.

  34. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

  35. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

  WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANTS for the following:

  (1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

  (2) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  (3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4)     For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(5)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6)     For any and all other relief this Court may deem appropriate.

DATED this 10th day of February 2015.

                                          **GESUND & PAILET, LLC**

                                          */s/ Keren E. Gesund, Esq.*
                                          Keren E. Gesund, Esq.
                                          Louisiana Bar No. 34397
                                          3421 N. Causeway Blvd
                                          Suite 701
                                          Metairie, LA 70002
                                          Tel: (702) 300-1180
                                          keren@gp-nola.com
                                          Attorney for Plaintiff